New Orleans, La., June 30th, 1917.

———o———

## No. 7097.

## SAMUEL G. JACOBS v. HELMER EHRMAN & CO.

### Syllabus.

1. Where an employee, under a contract for a term, shows himself unable to perform the services required of him, he may be discharged before the expiration of the term.

2. Where a contract is abrogated by one of the parties because of the default or failure of the other, such contract is at an end and is no longer the measure of right between the parties.

Appeal from the Civil District Court, Parish of Orleans, No. 114,520; Division "C"; Honorable E. K. Skinner, Judge. Amended and affirmed.

Sol Weiss, for plaintiff and appellant.

Dart, Kernan & Dart, for defendant and appellee.

443

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This case, as finally sifted down during the argument, resolves itself into a single very narrow question, to-wit, was defendant justified in discharging plaintiff from their employ?

Plaintiff entered into defendant's employ and was to receive $550 per month for ten months, on condition that he should sell $40,000 worth of whiskey in that time; if he sold less he was to forfeit and return $50 per month.

At the end of eight months plaintiff had sold altogether less than $10,000 worth of goods and defendant discharged him for inability to perform his part of the contract. (We find it unnecessary to examine into other grounds of discharge.)

Plaintiff himself admits repeatedly that this was a complete "falling down" on his contract and we think that this total failure on the part of plaintiff entitled defendant to bring the contract to an end.

We think however that defendants having exercised the right to abrogate the contract are no longer entitled to claim any thing under it; hence they are not entitled to claim the reduction of $50 per month. In other words, defendants had a right to one or the other, but not to both remedies.

It is admitted that plaintiff has collected for account of defendant $277.96 which he must reimburse.

The judgment appealed from is therefore amended by reducing the amount in the reconventional demand to Two Hundred and Seventy-seven 96/100 Dollars ($277.96) and as thus amended the judgment is affirmed. The defendant

to pay the costs of this appeal, and plaintiff to pay the costs below.

Opinion and decree, June 11th, 1917.